IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY LITTLEJOHN, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 1074022, | : | 42 U.S.C. §1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-CV-3694-MLB-JKL |
| COLONEL ATKINS; et al., | : | |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, a serial filer and pretrial detainee at the Cobb County Adult Detention Center, submitted this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff submitted $5.00 to the Court along with his complaint, and has not specifically requested to proceed *in forma pauperis*.

I.   THREE STRIKES

According to Subsection (g) of 28 U.S.C. §1915, a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* ("IFP") "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records reflect that since March of 2020, Plaintiff has filed over fifty cases in this Court while he was a prisoner, the majority of which were civil rights

or mandamus actions that were dismissed as frivolous.[1] *See Littlejohn v. Boyce*, Civil Action No. 1:20-CV-1977-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Brooks*, Civil Action No. 1:20-CV-1748-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Phillips*, Civil Action No. 1:20-CV-1975-MLB (N.D. Ga. July 28, 2020); *Littlejohn v. Cox*, Civil Action No. 1:20-CV-1546-MLG (N. D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Hill*, Civil Action No. 1:20-CV-1750-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Holmes*, Civil Action No. 1:20-CV-1406-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Atkins*, Civil Action No. 1:20-CV-1749-MLB (N.D. Ga. July 2, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Marshall*, Civil Action No. 1:20-CV-1543-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under §1915A); *Littlejohn v. Maldonado*, Civil Action No. 1:20-CV-1976-MLB (N.D. Ga. July 28, 2020) (dismissed as frivolous under

---

[1] The number of Plaintiff's cases includes this case and two others that he filed at the same time. *See Littlejohn v. Atkins*, Civil Action No. 1:21-cv-3973-MLB-JKL; *Littlejohn v. Atkins*, Civil Action No. 1:21-cv- 3975-MLB-JKL. And in another obvious attempt to circumvent §1915(g), on the same day he filed those cases he also filed five new habeas petitions, for a total of seven habeas cases he has filed in this Court. *See Littlejohn v. Atkins*, Civil Action No. 1:21-cv-3696-MLB-JKL; *Littlejohn v. Cupid*, Civil Action No. 1:21-cv-3697-MLB-JKL; *Littlejohn v. Bruce*, No. 1:21-cv-3698-MLB-JKL; *Littlejohn v. Broady*, Civil Action No. 1:21-cv-2699-MLB-JKL; *Littlejohn v. Leonard*, Civil Action No. 1:21-cv-3700-MLB-JKL; *see also Littlejohn v. Wray*, Civil Action No. 1:21-cv-2321-MLB; *Littlejohn v. Owens*, Civil Action No. 1:21-cv-319-MLB.

§1915A); *Littlejohn v. Carter*, Civil Action No. 1:20-CV-1544-MLB (N.D. Ga. July 2, 2020) (dismissed under §1915A as frivolous); *Littlejohn v. Warren*, Civil Action No. 1:20-CV-1538-MLB (N.D. Ga. July 2, 2020) (dismissed under §1915A as frivolous).

## II.   NO IMMINENT DANGER

Plaintiff names several officers at the Cobb County Adult Detention Center as defendants, and complains that Colonel Atkins has instructed other officers that only select mail of Plaintiffs may leave the jail, actions which Plaintiff claims constitute mail fraud.  He also alleges that Atkins's instruction caused Plaintiff to be attacked three days ago and as a result he is in imminent danger.  His allegations, however, are insufficient to demonstrate that he is in imminent danger of serious physical injury.  *See, e.g., O'Connor v. Suwanee Corr. Inst.*, 649 F. App'x 802, 804-05 (11th Cir. 2016) ("O'Connor's allegations do not sufficiently plead imminent danger of serious physical injury because a past threat of imminent danger is insufficient."); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute.").  Nor do Plaintiff's allegations that he is in a cell

with asbestos constitute imminent danger.² *See, e.g., Howard v. Carter*, No. 1:14-CV-78-WLS-TQL, 2014 WL 2573966, at *2-3 (M.D. Ga. June 9, 2014) (finding prisoner's claim that he is forced to stay in a cell with open exposure to insulation containing asbestos and has experienced negative health effects did not satisfy the imminent danger exception).

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of §1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of IFP motion and dismissing complaint pursuant to §1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

To the degree that Plaintiff has submitted $5.00 to the Court in an obvious attempt to circumvent §1915(g), that partial fee does not suffice, since he must pay the *full* filing fee before initiating suit. *See Searcy v. Fifth Judicial Circuit Court of Fla.*, 615 F. App'x 652, 653 (11th Cir. 2015) ("Under the Prisoner Litigation Reform

---

² Notably, in one of Plaintiff's many other cases, he actually states that it *could* be asbestos, unlike here where he definitively states that it *is* asbestos. *See Littlejohn v. Atkins*, Civil Action No. 1:21-cv-3695-MLB-JKL, Doc. 1 at 6.

Act ("PLRA"), a prisoner bringing a civil action is *required to pay the full amount of the filing fee absent being authorized to proceed in forma pauperis ("IFP").*") (emphasis added); *Dupree*, 284 F.3d at 1236 (stating that "after three meritless suits, a prisoner must pay the *full* filing fee" when he subsequently files another action) (emphasis added).

### III.  ABUSE OF PROCESS

Even if Plaintiff had sufficiently alleged imminent danger, however, this action still should be dismissed. A district court may impose sanctions if a party knowingly files a pleading that contains false statements. Fed. R. Civ. P. 11(c), and it is well within a court's discretion to dismiss a prisoner's complaint for abuse of process when the prisoner files a complaint that fails to fully disclose all of his prior cases on the civil complaint form. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (finding that a *pro se* prisoner's failure to disclose the existence of a prior lawsuit is the kind of abuse of process that warrants dismissal), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129 (11th Cir. 2012) (finding the district court did not abuse its discretion by dismissing a prisoner's complaint for abuse of the judicial process based on his failure to disclose at least one federal action dismissed prior to service); *Redmond v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221 (11th Cir. 2011) (affirming dismissal for abuse of judicial process when prisoner failed to disclose several previous lawsuits

5

filed in district court); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (holding failure to disclose previous litigation history constitutes and abuse of discretion warranting dismissal).

In the complaint, Plaintiff only disclosed thirty-five of the lawsuits he has filed since last March. Given Plaintiff's extensive history of filing numerous vexatious and frivolous pleadings and motions in this Court, the sanction of dismissal without prejudice is proper in this instance.

## IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that leave for Plaintiff to proceed IFP be **DENIED** pursuant to §1915(g) and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

Alternatively, **IT IS RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's abuse of process.

**IT IS FURTHER RECOMMENDED** that if the Court adopts this recommendation, that the Court **DIRECT** the Clerk to return to Plaintiff the $5.00 he submitted with the complaint.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge

**SO RECOMMENDED** this 9th day of September, 2021.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE